POLLY KEEN *versus* JAMES S. JORDAN.

A., owing the plaintiff $60, agreed to build her a wagon worth $85, she to pay the balance when completed. On May 16, 1861, when the wagon was completed, A., also, being indebted to the defendant, gave him a promissory note for $31, payable in thirty days, to which was appended an agreement stipulating that said "note, being given for a side spring wagon, delivered to" the defendant, "it was to remain the property of" the defendant "until said note is paid." On Oct. 12, 1863, the plaintiff, after tender and demand, brought trover : — *Held*, the action may be maintained.

What is a reasonable amount for storing the wagon is a question of fact; and when referred to the presiding Judge, his decision thereon is final.

ON EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding. TROVER.

The facts appear in the opinion.

*A. M. Pulsifer*, for the defendant.

*Dunn*, for the plaintiff.

APPLETON, C. J. — This is an action of trover for a wagon, which the plaintiff claims to maintain upon the following facts.

One William Anderson, being indebted to the plaintiff in

the sum of sixty dollars, for a horse, agreed to build her a wagon worth eighty-five dollars, she to pay the balance of twenty-five dollars, when completed. The wagon in controversy was built in pursuance of this agreement. When finished, Anderson being indebted to the defendant, conveyed the wagon to him by an agreement in the following terms : — "Auburn, May 16, 1861.

"$31,00. — For value received, I promise to pay James S. Jordan or order thirty-one dollars, in thirty days from date, without interest.

"The above note being given for a side spring wagon, which I, William Anderson, delivered to said Jordan, this sixteenth day of May, eighteen hundred and sixty-one. Said wagon is to remain the property of said Jordan until the above note is paid in full. "Wm. Anderson."

Subsequently Anderson conveyed his remaining interest in the wagon to the plaintiff, who, on 12th Oct., 1863, tendered the defendant thirty-six dollars in discharge of his claim, which he declined accepting, and refused to deliver up the wagon, whereupon this action was commenced.

This action was referred to the presiding Judge, with the right to except to any of his rulings as to the law.

The defendant, (the case finds,) "contended that such a tender (as is shown) would not defeat his title to the wagon so as to enable him to maintain trover for it, but the presiding Judge ruled otherwise."

The facts, as recited, do not show a conditional sale.

By the contract of May 16, 1861, the defendant was either mortgagee, or pawnee, or pledgee.

If mortgagee, there has been no foreclosure within the Act of March 12, 1861, c. 23, relating to mortgages of personal property. Until a foreclosure under § 3, the mortgager, by § 1, is entitled to redeem. The defendant has given no notice of his intention to foreclose within § 3. The plaintiff, therefore, had the right of redemption, if a mortgage.

If the defendant is pledgee or pawnee, he has only a

special property in the article pledged, or pawned. If no time of redemption is fixed, the pledger or pawner may redeem at any time, and though a day of payment be fixed, he may redeem after the day. Neither Anderson nor his assignee has ever been called upon to pay or redeem. The right to redeem still exists and was conveyed to and remained in the plaintiff. 4 Kent, 138; *Brownell* v. *Hawkins*, 4 Barb. S. C., 492. In all cases of sale, the pledgee must, before sale, give a reasonable notice to the pledger. 1 Parsons on Contracts, 601.

In either event, therefore, the plaintiff, when the tender was made, had the right to redeem.

It is said the sum tendered is not sufficient, in not allowing the defendant reasonable compensation for storage of the wagon. What was such reasonable compensation was a question of fact submitted to the presiding Judge, whose decision is final. The case finds the title to the wagon in the plaintiff subject to the defendant's claim. Her title was not questioned. The defendant claimed a forfeiture and therefore refused to accept the sum tendered. No exception was taken to the plaintiff's right to make the tender. The tender having been made by one having full right to make it, and that right not being questioned, and no exceptions having been taken in relation thereto, we think it was " *such a tender*" as would defeat the defendant's right, and that the action can be maintained.

*Exceptions overruled.*

DAVIS, KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.